FILED
2017 Jun-22  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER TOLLIVER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| GENERAL MOTORS LLC, and | § | |
| JOHN DOES 1-20, | § | |
| | § | |
| *Defendants*. | § | |

**GENERAL MOTORS LLC'S NOTICE OF REMOVAL**

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of Sumter County, Alabama to the United States District Court for the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1452, and Bankruptcy Rule 9027, and based on the following facts:

**BACKGROUND**

1.    On May 22, 2017, New GM was served with a Summons and Complaint in an action styled *Roger Tolliver v. General Motors LLC*, *and John Does 1-20,* Case No. CV 17.01, filed March 21, 2017 in the Circuit Court of Sumter County, Alabama (the "Action").

2.    This Action arises out of an accident that allegedly occurred on or about April 23, 2012 involving a 2002 Pontiac Grand Am ("Subject Vehicle").  Compl. ¶

7.   The Complaint alleges that Plaintiff Roger Tolliver was driving the Subject Vehicle "when suddenly and without warning the vehicle's ignition malfunctioned causing the steering wheel of the vehicle he was driving to lock up." *Id.* "As a result, the Plaintiff lost control of the vehicle he was driving, and ran into a fence." *Id.* The Complaint alleges that "the ignition switch defects which affected said 2002 Pontiac Grand Am caused the vehicle's steering wheel to lock up and caused non-deployment of the vehicle's airbag during the collision." *Id.* ¶ 12.

3.   Plaintiff seeks damages under theories of (1) negligence, (2) fraudulent concealment, (3) products liability, (4) breach of implied warranty, (5) violation of the Magnuson-Moss Warranty Act; and (6) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961.  *Id*. ¶¶ 25-85.  Plaintiff also seeks punitive damages.  *Id*. ¶¶ 31, 43, and 52.

4.   On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re General Motors LLC Ignition Switch Litigation*.  Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions.  *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A.  The JPML transferred an initial group of fifteen actions pending in six federal districts to the

Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5.     This Action is one of more than 315 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving  defective ignition switches and/or inadvertent key rotation, including in vehicles such as the Pontiac Grand Am.  The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.  *See generally* MDL No. 2543; *e.g.* ECF Nos. 1006 and 1272, attached as <u>Exhibit B</u>, transferring *Altebaumer, et al. v. Gen. Motors LLC*, 15-cv-4142 (S.D.N.Y.) (alleging personal injury claims involving various model years of the Pontiac Grand Am); *Blood, et al. v. Gen. Motors LLC*, 15-cv-6578 (S.D.N.Y.) (alleging personal injury claims involving various model years of the Pontiac Grand Am).

6.     As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common

questions of fact" with the other Ignition Switch Actions, this case is appropriate for

MDL transfer and consolidation with the other Ignition Switch Actions pending in

the Southern District of New York.  *See* 28 U.S.C. § 1407(a).

## **BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP**

7.     This Action is removable to this Court under 28 U.S.C. § 1441 because

the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity

of citizenship and an amount in controversy exceeding $75,000, exclusive of interest

and costs.

8.     Complete diversity of citizenship exists because:

  a.     At the time of the filing of this suit, Plaintiff Roger Tolliver was a resident, domiciliary, and citizen of the State of Alabama. Compl. ¶ 4.

  b.     New GM is not a citizen of Alabama.  New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan.  New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan.  General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.  Therefore, New GM is a citizen of Delaware and Michigan.

9.     Plaintiff also named "John Does 1-20" as defendants, but their

citizenship is disregarded for purposes of diversity.  28 U.S.C. § 1441 (b)(1); *see*

*also Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004) ("[U]nder

the      amended removal statute,      the      citizenship      of      defendants      sued

under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(a). This court considers the clear language of the statute to be dispositive of the issue.").

10.     Thus, as no proper defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties.

11.     Although Plaintiff seeks an unspecified amount of damages, it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirements. *See Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.") (quoting *Sierminski v. Transouth Fin. Corp*., 216 F.3d 945, 949 (11th Cir. 2000)); *see also Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original)).

12.     District courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 770 (11th Cir. 2010); *see also Roe*, 613 F.3d at 1061-62. Instead, courts may use their judicial experience

and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe,* 613 F.3d at 1062. Moreover, at the jurisdictional stage, the amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *Pretka,* 608 F.3d at 751. A removing defendant need only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe,* 613 F.3d at 1061 (citations omitted). A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

13.     Here, the Complaint states that Plaintiff suffered "excruciating, painful, and permanent injuries, including but not limited to, chest, knee, and facial injuries" and "incurred pain, suffering, emotional distress, and other economic damages in the past, is presently incurring pain, suffering, emotional distress, and other economic damages and will incur pain, suffering, emotional distress, and other economic damages in the future." Compl. ¶¶ 7, 30. Plaintiff also claims to have been "required to undergo medical treatment and has incurred medical expenses in the past, is presently incurring medical expenses, and will incur medical expenses in the future." *Id.* ¶ 29. Plaintiff further alleges that New GM's alleged negligence "was a proximate and/or contributing cause of painful, excruciating, debilitating, and permanent injuries to the Plaintiff." *Id.* ¶ 28.

14.     Plaintiff also seeks punitive damages. *Id.* ¶¶ 31, 43, and 52. "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (both compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount"). *See also Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. 10-00359-CG-B, 2010 U.S. Dist. LEXIS 111336, at *12 (S.D. Ala. Sept. 23, 2010) (stating the law is clear that the amount in controversy includes not only compensatory damages but punitive damages as well); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986) (exemplary damages are included in the amount in controversy as a general rule if they are legally recoverable) (citing *Bell*, 320 U.S. at 240).

15.     Given the nature of the claimed "excruciating, painful, and permanent injuries" to multiple parts of Plaintiff's body, and the demand for general and special damages, including punitive damages, it is apparent from the face of the Complaint that the amount in controversy requirement for removal is satisfied. *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) (denying motion to remand in product liability case where plaintiff alleged she suffered permanent injuries, continued to suffer such injuries, and expected such injuries to continue into the future); *Diaz v Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32JBT, 2010 U.S. Dist. LEXIS 143285, at *2 (M.D. Fla. Nov. 5, 2010) (denying motion to remand in slip-

and-fall case where plaintiff sought damages for "bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition" and claimed "[s]ome or all of the injuries are permanent within a reasonable degree of medical probability"); *Purdiman v. Organon Pharms. USA, Inc.*, No. 2:08-CV-0006-RWS, 2008 U.S. Dist. LEXIS 19137, at *5 (N.D. Ga. Mar. 12, 2008) ("Viewing these allegations *en toto* in light of the Court's common sense and experience, the Court concludes that the amount of damages at issue in this action, including past medical bills, the cost of future medical treatment, pain and suffering, and lost wages, more likely than not exceeds $75,000.").

16.     Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are satisfied.

## BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION

17.     This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code. This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a),

as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

18.    On June 1, 2009, Motors Liquidation Company, f/k/a General Motors
Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code
in the United States Bankruptcy Court for the Southern District of New York ("New
York Bankruptcy Court").  On July 5, 2009, the New York Bankruptcy Court issued
an order ("Sale Order and Injunction") approving the sale ("363 Sale") of
substantially all of Old GM's assets to the predecessor of New GM.  The sale of
assets was free and clear of all liens, claims, and encumbrances, except for certain
limited exceptions.  *See* Sale Order and Injunction, attached as Exhibit C ¶ 7.  The
363 Sale was consummated on July 10, 2009.  Ultimately, New GM was transferred
certain of Old GM's assets and also assumed certain specifically-identified
liabilities, as described in the Sale Order and Injunction and Amended and Restated
Master Sale and Purchase Agreement ("Sale Agreement").

19.    The terms of the Sale Order and Injunction, and the Sale Agreement
that it approved, limits New GM's liabilities relating to vehicles and parts sold by
Old GM.  *See* Exhibit C ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463,
481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R.

43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).[1]

20.    The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333

---

[1] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment").  The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit.  There are ongoing proceedings in the New York Bankruptcy Court related to a series of issues arising from the Second Circuit opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802).  A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court.  It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction and its other rulings.

(S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr.

S.D.N.Y. 2010).

21.     In addition, the Bankruptcy Court has ruled that it is the gatekeeper to

review whether allegations, claims and requests for damages asserted in complaints

get past the bankruptcy gate.  As stated in a June 7, 2017 Written Decision ("June 7

Decision") issued by the New York Bankruptcy Court:[2]

> "The Court's role, then, is a 'gatekeeper' role. It should be the court to
> decide what claims and allegations should get through the 'gate,' under
> the Sale Order" and this Court's prior decisions. [*In re Motors
> Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015)] (noting
> that the Court will "minimize" its involvement in "nonbankruptcy
> law").  If a complaint violates an enforceable provision of the Sale
> Order, it may not proceed as currently drafted.  If it does not violate the
> Sale Order, the complaint "passes through the gate" for the appropriate
> nonbankruptcy court to decide whether it is actionable.

June 7 Decision, 2017 WL 2457881, at *3. It is for the New York Bankruptcy Court

to determine if Plaintiff has properly made allegations, asserted claims and is

appropriately seeking damages against GM LLC. Plaintiff's Complaint in this case

violates various Bankruptcy Court rulings, and it is for the Bankruptcy Court to

review the Complaint to see if it gets past the bankruptcy gate.

22.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy

Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and

---

[2] The June 7 Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

Injunction.  Thus, the determination of this action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code, necessarily invokes the jurisdiction of the New York Bankruptcy Court.  *See In re Hereford Biofuels, L.P.,* 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Inv. S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines*, *LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

23.     Plaintiff's claims in this Action are based on a vehicle manufactured by Old GM, and they seek punitive damages from New GM in connection with those claims.  To the extent Plaintiff asserts that New GM assumed certain Product Liabilities (as defined in the Sale Agreement) in connection with the Vehicle, the New York Bankruptcy Court has previously determined that New GM did ***not*** assume claims for punitive damages.  *See* December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other

theories, such as by operation of law.  Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.").  This portion of the December 2015 Judgment was not appealed, is final, and Plaintiff's request for punitive damages is in direct contravention of the New York Bankruptcy Court's ruling.  The New York Bankruptcy Court has exercised jurisdiction with respect to lawsuits where plaintiffs, like Plaintiff herein, are making allegations, asserting claims and/or seeking punitive damages against New GM in violation of the Sale Order and Injunction, and Sale Agreement, and the other rulings of the New York Bankruptcy Court.

24.    As such, the Action implicates the New York Bankruptcy Court's core, related-to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

## BASIS FOR REMOVAL: FEDERAL QUESTION

25.    This Court has original jurisdiction over civil proceedings that include "a claim arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's Complaint includes a claim brought pursuant to the RICO Act, 18 U.S.C. § 1964.  Compl. ¶¶ 64-85.  Therefore, this Court has jurisdiction over this Action.  *Ayres v. General Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000) ("We find federal question jurisdiction in this case because the case involves both (1) the necessity for Plaintiffs to prove, as an essential element of their state law

cause of action, the existence of federal mail and wire fraud crimes as predicate acts, which crimes would be enforceable in a federal civil RICO cause of action; and (2) the fact that proof of the alleged federal mail and wire fraud crimes involves a very substantial federal question."); *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F. Supp. 2d 1304, 1310 (N.D. Ga. 2014) ("There is no dispute that two of Regenicin's claims invoke original jurisdiction. Claims sixteen and eighteen arise under Section 10(b) of the Securities and Exchange Act, 15 U.S.C. § 78j(b), and the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(c), respectively. Because those two claims arise under laws of the United States, they invoke federal question jurisdiction.").

26.     This Action is therefore properly removable to this Court because "any civil action brought in a State court of which district courts of the United States have original jurisdiction may be removed. . . to the district court of the United States for the district and division and embracing the place where such action is pending." 28 U.S.C. § 1441(a).[3]

---

[3] This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367(a) (noting, that apart from certain exceptions, "in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

## REMOVAL IS TIMELY

27.    This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint.  28 U.S.C. § 1446(b).  Plaintiff filed suit on March 21, 2017, and New GM was served with the Summons and Complaint on May 22, 2017.  *See* <u>Exhibit D</u>.

## VENUE

28.    The United States District Court for the Northern District of Alabama, Western Division, is the United States district and division embracing the Circuit Court of Sumter County, Alabama, where this action was filed and is pending.  *See* 28 U.S.C. § 81(a)(5).  Therefore, venue of this removed action is proper in this Court.

## CONSENT

29.    New GM is the only named defendant and the only defendant to be served with process. Consent of "John Does 1-20" is unnecessary because none of these unnamed defendants have been served. *See* 28 U.S.C. § 1446(b).  "[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process." *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008).

## NOTICE TO THE STATE COURT

30.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court of Sumter County, Alabama, where this case was originally filed.

## STATE COURT FILINGS

31.    New GM files herewith as Exhibit D copies of all process served upon it in this Action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, General Motors LLC respectfully requests that this Action in the Circuit Court of Sumter County, Alabama removed to this Court, and that no further proceedings be had in the Alabama state court.

Respectfully submitted,

/s/ Jennifer H.R. Egbe
Stanley A. Cash
Jennifer H.R. Egbe
Attorneys for Defendant,
GENERAL MOTORS, LLC

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256
scash@huielaw.com
jegbe@huielaw.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading to the below named attorneys of record by electronic filing and/or by placing a copy of same in the U.S. Mail, properly addressed, and proper postage prepaid on this the _____21st_ day of  June, 2017.

Jerald Crawford, Esq.
SCHWARTZ & ASSOCIATES, P.A.
162 East Amite Street
Jackson, MS 39201-2101

Brent Hazzard, Esq.
HAZZARD LAW, LLC
P.O. Box 24382
Jackson, MS 39225

**COUNSEL FOR PLAINTIFF**


*/s/ Jennifer H.R. Egbe*
Of Counsel